

April 5, 2024

**VIA E-FILING**
The Honorable Gregory B. Williams
United States District Court
844 North King Street
Wilmington, DE 19801

      Re:    *SAP America, Inc. v. Valtrus Innovations Limited, et al.,*
                <u>C.A. No. 24-cv-54-GBW</u>

Dear Judge Williams:

      This case should not be in Delaware. The parties are already litigating their patent dispute in Texas. SAP did not move to dismiss that Texas case or transfer it to this Court—instead, SAP moved only for *intra*-district transfer. *See* Ex. 1. Accordingly, that case will go forward in Texas no matter what this Court does, undoubtedly resulting in conflicting decisions, overlapping discovery, and wasted judicial resources. Jurisdictional discovery here is inappropriate and would only further waste time and resources.

      SAP first argues that it wants to explore Valtrus's connections to various Delaware-organized entities. But these facts are not in dispute and do not justify discovery; Valtrus admits it is assisted by PPS (a Delaware LLC) in licensing its portfolio, bought the patents from HPE (a Delaware company), and has negotiated licenses with Delaware-incorporated entities. The point is that these facts are legally irrelevant under the caselaw, as Valtrus explained in its motion to dismiss. D.I. 15 at 8-10. Regardless, SAP can argue whatever legal theory it wants in opposition to Valtrus's motion based on the undisputed facts and without the need for jurisdictional discovery.

      Second, SAP proposes an unbounded fishing expedition to explore whether Valtrus "may have" negotiated with, or licensed, unnamed Delaware-based companies. D.I. 25 at 3. This bare assertion fails to meet the threshold showing for taking jurisdictional discovery in this District. SAP must identify at least *some* evidence in support of its position and make assertions with reasonable particularity. It fails to identify even one action that Valtrus took in Delaware.

      Finally, SAP argues that the Court should order jurisdictional discovery simply because Valtrus agreed to it in a different case on different patents against a different defendant (Red Hat) in a different state (California). This is obviously no reason to order it here; SAP must be judged by its own bare-bones complaint concerning Valtrus's alleged ties to Delaware (not California).

      Accordingly, SAP's jurisdictional discovery request should be denied.

**<u>Legal Standard</u>**

      The court in *Rockwell Automation, Inc. v. EU Automation, Inc.* summed up the standard for jurisdictional discovery as is relevant to the dispute here:

> Before allowing jurisdictional discovery to proceed, the court must be satisfied that there is some indication that the particular defendant is amenable to suit in this forum. If a plaintiff does not come forward with *some* competent evidence that personal jurisdiction over the defendant might exist, a court should not permit jurisdictional discovery to proceed. To receive jurisdictional discovery, plaintiffs must claim that their factual allegations establish with reasonable particularity the possible existence of requisite contacts. Bare allegations without factual support cannot provide a basis for such a discovery request, lest it provide plaintiff an opportunity to undertake a fishing expedition.

No. 21-cv-1162-MN-MPT, 2022 WL 1978726, at *12 (D. Del. June 6, 2022) (cleaned up; internal citations omitted) (emphasis in original), *report and recommendation adopted in relevant part*, 2022 WL 3576231, at *1, n.1 (D. Del. Aug. 19, 2022). *See also Acco Brands USA LLC v. Performance Designed Products LLC*, No. 23-437 (GBW), 2024 WL 181545, at *5 (D. Del. Jan. 17, 2024) ("Plaintiff has failed to go beyond vague assertions about what they hope to find in jurisdictional discovery which places their request in the realm of a fishing expedition.") (internal citations omitted).

**Argument**

SAP makes three arguments for jurisdictional discovery: (1) "Valtrus and PPS purposefully availed themselves of the privilege of doing business in Delaware by negotiating and licensing to companies that are incorporated in, registered to do business in, or currently conducting business in Delaware"; (2) Valtrus "may have negotiated and licensed other Delaware-based companies that it did not eventually sue"; and (3) Valtrus agreed to jurisdictional discovery in other cases in different states, so why not allow it here? *See* D.I. 25 at 2-3. Each is without merit.

> *Valtrus Does Not Dispute that it Has Negotiated With, Litigated Against, and Otherwise Conducted Business with Delaware-Organized Entities.*

Jurisdictional discovery is not needed as it concerns SAP's first argument because Valtrus does not dispute the fact. Valtrus acknowledges that (i) PPS[1] is incorporated in Delaware; (ii) HPE, the assignor of the patents-in-suit, is incorporated in Delaware; and (iii) Valtrus has negotiated with and litigated against other businesses incorporated in Delaware. But these facts are legally irrelevant for personal jurisdiction purposes; if it were otherwise, a broad array of entities would be subject to personal jurisdiction in Delaware given the plethora of companies incorporated here. *See* D.I. 15 at 8-10 (citing *CLP Toxicology, Inc. v. Casla Bio Holdings, LLC*, Nos. 2018-0783-PRW & N18C-10-332 PRW CCLD, 2020 WL 3564622, at *14 (Del. Ch. June 29, 2020); *Martinez v. Union Officine Meccaniche S.P.A.*, No. 22-1364, 2023 WL 3336644, at *1 (3d Cir. May 10, 2023)). SAP cites no authority to support its position. *See* D.I. 25 at 2. In any

---

[1] Valtrus did not, as SAP argues, concede that PPS is its agent or alter ego. *See* D.I. 25 at 2-3. Valtrus was merely addressing the allegations in SAP's complaint for its DCFA claim attempting to assert that PPS was both Valtrus's agent and its co-conspirator, which assertions are legally inconsistent. *See* D.I. 15 at 15-16. Regardless, Valtrus does not dispute, for purposes of this issue, that PPS assists Valtrus with licensing of its patent portfolio, or that PPS is a Delaware LLC.

event, Valtrus acknowledges these facts and SAP can make whatever legal arguments it wants in response to Valtrus's Motion to Dismiss—without taking jurisdictional discovery.

### *SAP Does Not Identify a Single Fact Suggesting Valtrus Licensed Companies in Delaware*

"Bare allegations without factual support cannot provide a basis for such a discovery request, lest it provide plaintiff an opportunity to undertake a fishing expedition." *Rockwell*, 2022 WL 1978726 at *12. Yet, that is all that SAP offers in its second argument, asserting that Valtrus "may have" had dealings with companies in Delaware. SAP does not even identify a specific company, let alone provide competent evidence. This alone demonstrates that SAP's request lacks merit and amounts to a seemingly unbounded fishing expedition. *See Acco Brands USA LLC*, 2024 WL 181545, at *5 (denying request for jurisdictional discovery because "Plaintiff has failed to go beyond vague assertions about what they hope to find in jurisdictional discovery.") (internal citations omitted).

SAP points to its state law claims, which allege that Valtrus concealed "the full nature of [its] licensing agreements with numerous licensees." But, this likewise does not show that any of these unnamed license agreements were with Delaware-based companies or otherwise involved negotiations in, or directed to, Delaware. SAP does not have a shred of evidence (let alone "competent" evidence) to support its vague allegations that might justify discovery. *See* D.I. 15 at 3-4, 8-9 (citing D.I. 17 at ¶¶ 3, 5–7, 9, 10; D.I. 18 at ¶¶ 3, 5–7).

### *Valtrus's Positions in Other Cases in Different States are Irrelevant*

SAP argues that jurisdictional discovery is appropriate here because the parties are engaged in venue discovery in Texas and because Valtrus agreed to jurisdictional discovery in another case in California against a different company (Red Hat) on different patents. Those other litigations have nothing to do with the case at hand. The parties' parallel patent case in Texas involves an *intra*-district transfer motion and convenience questions, not personal jurisdiction. And Valtrus's prior California litigation against Red Hat is irrelevant. SAP must be held to its own complaint, not Red Hat's. And, the issues concern Valtrus's connections to Delaware (which are zero) and not California.

### **Conclusion**

For the reasons set forth above, Valtrus respectfully requests that this Court deny SAP's request for jurisdictional discovery.

Respectfully submitted,

/s/ Michael J. Farnan

Michael J. Farnan

cc: Counsel of Record (via E-File)