# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAP AMERICA, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VALTRUS INNOVATIONS LIMITED and<br>PATENT PLATFORM SERVICES, LLC,<br><br>　　　　Defendants. | C.A. No. 1:24-cv-00054-GBW<br><br>**JURY TRIAL DEMANDED**<br><br>▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬<br><br>PUBLIC VERSION FILED:  April 10, 2024 |

## PLAINTIFF'S OPENING DISCOVERY LETTER BRIEF REGARDING JURISDICTIONAL DISCOVERY

OF COUNSEL:

Aleksander J. Goranin, Esquire
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA  19103-4196
Telephone:  (215) 979-1868
agoranin@duanemorris.com

Thomas M. Melsheimer, Esquire
Michael A. Bittner, Esquire
**WINSTON & STRAWN, LLP**
2121 North Pearl Street, Suite 900
Dallas, TX  75201
Telephone:  (214) 453-6500
tmelsheimer@winston.com
mbittner@winston.com


Dated:  April 3, 2024
Public Version Dated:  April 10, 2024

**DUANE MORRIS LLP**

*/s/ Monté T. Squire*
Monté T. Squire (No. 4764)
1201 North Market Street, Suite 501
Wilmington, DE  19801
Telephone: (302) 657-4900
mtsquire@duanemorris.com

*Attorneys for Plaintiff*



MONTÉ T. SQUIRE
DIRECT DIAL: +1 302 657 4918
*E-MAIL:* MTSquire@duanemorris.com

April 3, 2024

**VIA CM-ECF –**

The Honorable Gregory B. Williams
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3555

**Re:** *SAP America, Inc. v. Valtrus Innovations Limited, et al.*, C.A. No. 24-cv-54-GBW

Dear Judge Williams:

Plaintiff SAP America, Inc. ("SAP America" or "SAP") submits this letter in connection with the parties' dispute regarding limited jurisdictional discovery relating to Defendants Valtrus Innovations Limited ("Valtrus") and Patent Platform Solutions LLC's (PPS) (together with Valtrus, "Defendants") Motion to Dismiss for Lack of Personal Jurisdiction. (D.I. 14–18.)

Valtrus has attempted to manipulate U.S. venue and jurisdictional rules in an attempt to make Texas the sole jurisdiction where Valtrus can be sued. But the broad nature of its on-going licensing campaign and its specific contacts with a wide variety of Delaware companies frustrates this scheme. In particular, Valtrus used a Delaware agent, PPS, to license the Patents-in-Suit acquired from a Delaware corporation, HPE, against various Delaware-based entities, including SAP America. Such activities underscore a substantial and legitimate basis for asserting personal jurisdiction in Delaware—and are clearly not frivolous. After consenting to jurisdictional discovery in prior cases, Valtrus now refuses similar reasonable requests. Valtrus likely possesses relevant information that would support personal jurisdiction in this forum, including (i) Valtrus's efforts to license and enforce its patents in Delaware or against Delaware entities, and (ii) Valtrus's control over PPS, its Delaware agent. Accordingly, SAP America requests that the Court allow discovery similar in scope to what the parties agreed to in connection with a transfer of venue motion in the Eastern District of Texas Action filed by Valtrus.

**I.    BACKGROUND**

On January 15, 2024, SAP filed a declaratory judgment action against Valtrus in this Court, seeking a determination that SAP does not infringe certain U.S. patents, and that Valtrus violated the Delaware Consumer Fraud Act ("DCFA"). (D.I. 1 ¶ 1.) On the same day that SAP filed the instant action, Valtrus filed suit for patent infringement against SAP in the Marshall Division of the Eastern District of Texas. On February 21, 2024, SAP filed its First Amended Complaint and added PPS. (D.I. 7 ¶ 1.) On March 20, 2024, Valtrus filed a Motion to Dismiss for Lack of Personal Jurisdiction. (D.I. 15.) On March 20, 2024, SAP filed its Motion for Intra-District Transfer Venue Under 28 U.S.C. § 1404(a) ("Motion to Transfer").

April 3, 2024<br>Page 2

(Ex. A.) The parties thereafter agreed to limited venue discovery in connection with that Motion to Transfer. (Ex. B.)

## II. LEGAL STANDARD

Delaware courts take an expansive view of jurisdictional discovery. They "begin[] with the presumption in favor of allowing discovery to establish personal jurisdiction." *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 474 (D. Del. 1995). In furtherance of this presumption, "[j]urisdictional discovery should be allowed unless the plaintiff's claim [of personal jurisdiction] is 'clearly frivolous.'" *Eastman Chemical Co. v. AlphaPet Inc.*, No. 09-971-LPS-CJB, 2021 WL 6004079, at *2 (D. Del. Nov. 4, 2011) (quoting *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997)); *Toys 'R' Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003). Although jurisdictional discovery is not granted as a matter of course, a plaintiff need only prove that "there is some indication that th[e] particular defendant is amenable to suit in th[e] forum." *Eastman*, 2011 WL 6004079, at *2. On a motion to dismiss for lack of personal jurisdiction, "the Plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). "Plaintiffs cannot be charged with knowing, at the time they drafted their Complaint, nonpublic information they could only obtain after filing suit and obtaining discovery." *BioMerieux, S.A. v. Hologic, Inc.*, No. 18-21 (LPS), 2018 WL 4603267, at *4 (D. Del. Sept. 25, 2018).

## III. ANALYSIS

### A. Jurisdictional discovery is required to resolve the issue of specific personal jurisdiction.

Jurisdictional discovery is necessary to obtain information that Valtrus unreasonably withheld during licensing negotiations that will support SAP America's assertions of specific personal jurisdiction. To establish specific personal jurisdiction in Delaware, it must be shown that (1) "there is a statutory basis for jurisdiction under the forum state's long-arm statute" and (2) "the exercise of jurisdiction comports with the defendant's right to due process." *Registered Agents, Ltd v. Registered Agent, Inc.*, 880 F. Supp. 2d 541, 545 (D. Del. 2012) (citation omitted). Under Delaware's long-arm statute, a court may exercise personal jurisdiction over a defendant when the defendant or its agent: (1) "[t]ransacts any business or performs any character of work or service in the State"; (2) "[c]ontracts to supply services or things in this State"; or (3) "[c]auses tortious injury in the State." *Id.* (quoting (10 Del. C. § 3104(c)(1)–(3)). If the defendant is within the ambit of Delaware's long-arm statute, the court must determine whether the defendant is subject to personal jurisdiction under the Due Process Clause. *Id.* Due process requires "certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Here, taking all of SAP America's pleaded facts as true, Valtrus is subject to specific personal jurisdiction in Delaware because Valtrus and PPS purposefully availed themselves of the privilege of doing business in Delaware by negotiating and licensing to companies that are incorporated in, registered to do business in, or currently conducting business in Delaware. (D.I. ¶ 31.) These allegations are not "clearly frivolous." Indeed, Valtrus is asserting patents acquired from a Delaware entity, HPE, against a Delaware defendant, SAP America, and, prior to suit, pursued these patent-enforcement efforts via its Delaware agent, PPS. (D.I. 16-1 ¶ 2; D.I. 18 ¶ 3; Ex. F.) Valtrus conceded that PPS is its agent, and has effectively admitted that PPS operates as Valtrus's alter ego. (D.I. 15 at 22 ("In addition, a principal (Valtrus) cannot

April 3, 2024
Page 3

conspire with its agent (PPS) . . .”; D.I. 18 ¶ 6 ("[Kalpana Kumar] had [the] primary responsibility for handling . . . all aspects of Valtrus licensing discussions with SAP.") Therefore, PPS's contacts may be imputed to Valtrus under both principal-agency and alter-ego relationships.

Moreover, Valtrus has filed numerous patent-infringement suits against multiple Delaware entities: SAP America, Red Hat, Inc., ▓▓▓▓▓▓ T-Mobile USA, Inc., and Verizon Communications Inc. (D.I. 18 ¶ 3; Ex. F.) In addition, Valtrus may have negotiated and licensed other Delaware-based companies that it did not eventually sue. SAP America stated in its Amended Complaint that, during license negotiations with Defendants, they concealed "the nature of Valtrus's agreements with HPE" and "the full nature of these licensing agreements with [numerous] licensees during their conversations with SAP." (D.I. 7 ¶¶ 16–17.) Thus, the full scope of Valtrus and PPS's licensing campaign and its connection to Delaware is currently unknown. Not only do these allegations, in part, give rise to SAP America's DCFA claims, but jurisdictional discovery into the full scope of Valtrus's licensing efforts with other companies would likely divulge relevant information supporting SAP America's assertion of personal jurisdiction in Delaware.

Accordingly, questions regarding the level of control that Valtrus asserts over PPS as well as Defendants' efforts to license and enforce the Patents-in-Suit in Delaware or against Delaware companies are pertinent facts bearing on the issue of specific personal jurisdiction. These facts are controverted by the parties and jurisdictional discovery should be required to clarify these issues.

**B. Early case discovery will not prejudice Valtrus as it has previously agreed to jurisdictional and venue discovery in similar situations.**

As the Court is aware, Valtrus filed suit against SAP for patent infringement in the Eastern District of Texas. (D.I. 16-1.) SAP promptly filed its Motion for Transfer to the Sherman Division because it is clearly more convenient than the Marshall Division. (Ex. B.) Unlike SAP's Complaint here, which demonstrates numerous connections to Delaware, Valtrus has pleaded no facts in Texas demonstrating any relation to the Marshall Division. (D.I. 16-1 ¶¶ 27–29.) Yet the parties agreed to venue discovery there in an effort to conserve party and judicial resources. (Ex. B.) The same is appropriate here and will likewise conserve resources. In addition, Valtrus is no stranger to jurisdictional discovery and has previously agreed to it. In a declaratory action filed by Red Hat, Inc. ("Red Hat"), Valtrus and Red Hat reasonably agreed and stipulated to jurisdictional discovery on Valtrus's Motion to Dismiss. (Exs. C–E.) Here, given Valtrus's and PPS's connections with Delaware, which at first glance exceed possible connections with California at issue in Red Hat, even more reason exists to allow jurisdictional discovery here. Valtrus can offer no basis for previously agreeing to reasonable jurisdictional discovery, but now shifting course and refusing.

**IV. CONCLUSION**

Based on the foregoing, SAP America respectfully requests that the Court order reciprocal discovery as agreed to by SAP America and Valtrus in the Eastern District of Texas Action. (Ex. B.) SAP and Defendants have also agreed to extend SAP America's response deadline to Valtrus's Motion to Dismiss based on the date the Court resolves this matter or the completion of jurisdictional discovery, and will file shortly a stipulation to that effect.

April 3, 2024
Page 4

Respectfully submitted,

*/s/ Monté T. Squire*

Monté T. Squire (No. 4764)